UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLINTON TAYLOR, SR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 23-CV-0353-CVE-JFJ |
| ) | |
| **AAON, INC. and** ) | |
| **RONNIE MCGEE,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Ronnie McGee's Motion to Dismiss (Dkt. # 13); AAON, Inc.'s Motion to Compel Arbitration (Dkt. # 15); and Plaintiff's Motion for Leave to File Amended Complaint and Memorandum of Law (Dkt. # 23). AAON, Inc. (AAON) argues that plaintiff voluntarily enrolled in AAON's dispute resolution program, and the final step of the dispute resolution process is binding arbitration. Dkt. # 15. AAON asks the Court to compel plaintiff to arbitrate his claims against AAON, and plaintiff does not dispute that the arbitration agreement is applicable to his claims. Dkt. # 15, at 7; Dkt. # 20. Ronnie McGee argues that he is not subject to individual liability under federal workplace discrimination statutes, and he asks the Court to rule on his motion to dismiss without waiting for the outcome of arbitration proceedings. Plaintiff argues that McGee was plaintiff's supervisor at AAON, and plaintiff claims that McGee treated plaintiff less favorably than other similarly situated employees due to his race. Dkt. # 24, at 2. Plaintiff is not represented by an attorney and he is proceeding pro se, and the Court will liberally construe his filings. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

**I.**

Plaintiff states that he was formerly employed by AAON as a machine operator, and he began working for AAON in March 2019.[1]  Dkt. # 8-2, at 7.  Plaintiff claims that he was subjected to "inappropriate sexual conversations" with his supervisor, McGee, and plaintiff alleges that McGee's conduct was so severe and pervasive that it created a hostile work environment.  Id.  Plaintiff states that he asked McGee to stop his offensive behavior and he made a complaint to "Mr. Tankersly," but AAON took no action to remedy plaintiff's complaints.  Id.  Plaintiff claims that his employment was terminated on March 21, 2022 based on allegations that he damaged equipment, but plaintiff denies that he damaged any equipment and he claims that AAON's stated reason for terminating his employment was pretextual.  Id.  Plaintiff alleges that another employee also damaged equipment, but the other employee was merely given a warning.  Id.

On July 28, 2021, plaintiff signed an enrollment form for AAON's dispute resolution program, and the program requires employees who have agreed to participate to engage in a three step dispute resolution process.  An employee is initially required to communicate with his immediate supervisor or department head, and AAON management would investigate the complaint and propose a solution to resolve the issue.  Dkt. # 15-1, at 1.  If the matter was not resolved following an internal investigation, the parties agreed to participate in non-binding mediation before an impartial mediator.  Id.  Finally, if the mediation was unsuccessful, the parties agreed to participate in "mandatory and binding arbitration."  Id.  The dispute resolution program covers all

---

[1] Plaintiff's factual allegations are primarily found in a copy of the charge of discrimination, rather than his actual complaint (Dkt. # 8-2, at 2-6).  However, plaintiff is not represented by an attorney, and the Court will consider the allegations contained in the charge as part of the complaint.

2

claims involving "legally protected rights," including claims of "unlawful discrimination or violations of civil rights," claims of "unlawful harassment, including sexual harassment," and claims of wrongful termination of employment. Id. The dispute resolution agreement expressly states that employees are not prohibited from filing a complaint with the EEOC, but any claim for monetary recovery following completion of the administrative process must be resolved by means of arbitration. Id. at 4.

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging that AAON discriminated against him because of his gender, and he also alleged that AAON engaged in retaliation. Dkt. # 8-2, at 7. Plaintiff agreed to participate in mediation with AAON as part of the administrative process, but the parties did not resolve the dispute through mediation. Id. at 9-11. Plaintiff received a right to sue letter after the EEOC dismissed his charge of discrimination, and he filed a lawsuit against AAON in the District Court of Tulsa County naming AAON and McGee as defendants. Id. at 1-7. Plaintiff states that he is asserting claims of "[e]mployment discrimination, sexual harassment, wrongful termination, retaliation and hostile work environment" under Title VII of the Civil Rights Act of 1964, and plaintiff also cites "42 U.S.C. § 1981, 28 U.S.C. § 1343, 29 U.S.C. § 623, 28 U.S.C. § 2201-2202,

28 U.S.C. § 133."² <u>Id.</u> at 4. Defendants removed the case to this Court on the basis of federal question jurisdiction.

## II.

AAON asks the Court to enforce the parties' dispute resolution agreement and compel plaintiff to submit his claims against AAON to binding arbitration. Dkt. # 15. The Federal Arbitration Act (FAA) represents a strong public policy in favor of arbitration, and states that a "written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable . . . ." 9 U.S.C. § 2; <u>Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.</u>, 559 U.S. 662 (2010); <u>Vaden v. Discover Bank</u>, 556 U.S. 49, 58 (2009). The FAA "requires a district court to stay judicial proceedings where a written agreement provides for the arbitration of the dispute that is the subject of the litigation." <u>Coors Brewing Co. v. Molson Breweries</u>, 51 F.3d 1511, 1514 (10th Cir. 1995). Agreements that require arbitration of statutory claims are generally enforceable. <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, 500 U.S. 20, 26 (1991). However, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." <u>Jacks v. CMH Homes, Inc.</u>, 856 F.3d 1301, 1305 (10th Cir. 2017). "Generally, courts 'should apply ordinary state-law principles

---

²     Plaintiff has cited many statutes, but only two of these statues could potentially provide the basis for claims against defendants. Plaintiff has cited 42 U.S.C. § 1981 and the Age Discrimination in Employment Act, 29 U.S.C. § 623, and these statutes could give rise to a claim against defendants. However, the remaining statutes are jurisdictional in nature or simply have no bearing to plaintiff's allegations of workplace discrimination. <u>See</u> 28 U.S.C. § 133 (statute providing the number of judges allotted to each federal judicial district); 28 U.S.C. § 1343 (giving federal district courts jurisdiction over certain civil rights claims); 28 U.S.C. §§ 2201-2202 (statutes permitting declaratory relief in civil cases). Considering plaintiff's <u>pro</u> <u>se</u> status, the Court will assume that plaintiff intends to allege claims under § 1981 and the ADEA.

that govern the formation of contracts' to determine whether a party has agreed to arbitrate a dispute." Hardin v. First Cash Fin. Servs., Inc., 465 F.3d 470, 475-76 (10th Cir. 2006). The consideration of state law is limited to principles of contract law concerning the enforceability of contracts in general, and state law cannot displace the strong federal policy in favor of arbitration of disputes. Nitro-Lift Technologies, LLC v. Howard, 568 U.S. 17, 20-21 (2012); Arthur Andersen LLP v. Carlisle, 556 U.S. 624, 630 (2009). A motion to compel arbitration calls for a two-step inquiry concerning the arbitrability of the dispute: (1) whether there is a valid arbitration agreement, and (2) whether the particular dispute falls within the scope of that agreement. AT & T Techs., Inc. v. Commc'ns Workers of America, 475 U.S. 643, 649 (1986).

Plaintiff does not dispute the arbitration agreement is a valid contract, and he also does not dispute that his claims fall within the scope of the arbitration agreement. Dkt. # 20, at 1-2. The Court has independently reviewed plaintiff's allegations and the arbitration agreement, and the Court finds that this matter should be submitted to binding arbitration for resolution of plaintiff's claims. Both plaintiff and AAON signed the dispute resolution agreement, and plaintiff has made no argument concerning the validity of the parties' agreement to submit certain claims to arbitration. The arbitration agreement requires the parties to submit all claims involving "legally protected rights" to binding arbitration, and this includes claims alleging violations of plaintiff's civil rights, workplace discrimination, and wrongful termination. Dkt. # 15-1, at 1. Plaintiff's claims against AAON fall within the scope of the parties' dispute resolution agreement and, if the terms of the dispute resolution agreement are satisfied, plaintiff has agreed to resolve such claims by means of arbitration. The parties' dispute resolution agreement requires that plaintiff make an internal complaint concerning his allegations of discrimination, participate in non-binding mediation, and

submit his claims to arbitration if his claims have not been resolved. Plaintiff alleges that he complained about McGee's conduct to "Mr. Tankersly," but his complaints were not resolved internally. Dkt. # 8-2, at 7. The parties participated in non-binding mediation after plaintiff filed a charge of discrimination with the EEOC, and the parties did not reach an agreed resolution of plaintiff's claims. Id. at 9-12. The next step in the dispute resolution process is binding arbitration, and the parties are in agreement that plaintiff must arbitrate his claims against AAON. Therefore, AAON's motion to compel arbitration (Dkt. # 15) is granted.

### III.

McGee asks the Court to dismiss plaintiff's claims against him for failure to state a claim upon which relief can be granted. Dkt. # 13. McGee asserts that plaintiff is attempting to allege claims against him under Title VII and the ADEA, but neither of these statutes provides a claim against an individual employee or supervisor of the plaintiff's employer. Plaintiff responds that he has adequately alleged that McGee engaged in adverse employment actions against plaintiff because of his race, and plaintiff also claims that McGee retaliated against him for reporting McGee's alleged sexual harassment of plaintiff. Dkt. # 24, at 5. However, plaintiff has failed to respond to McGee's argument that Title VII does not provide a basis to impose liability on individual employees or supervisors.[3]

---

[3] Plaintiff asks the Court to deny the motion to dismiss and not stay the proceedings against McGee while he arbitrates his claims against AAON. Dkt. # 20. The Court does not find that the issue of individual liability under Title VII overlaps with the merits of plaintiff's claims against AAON, and ruling on the motion to dismiss as to this issue will not interfere with the arbitration proceedings. However, if it becomes necessary to consider other issues raised in McGee's motion to dismiss, it may be necessary to stay this case pending the completion of arbitration.

"Under long-standing [Tenth Circuit] precedent, supervisors and other employees may not be held personally liable under Title VII." Williams v. W.D. Sports, N.M., Inc., 497 F.3d 1079, 1083 n.1 (10th Cir. 2007). In other words, the Tenth Circuit has interpreted Title VII restrictions to apply to the employer only, and not to individual employees. "The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute a violation of the Act." Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) (emphasis in original). Every other circuit court of appeals to consider this issue has determined that individual employees may not be held liable under Title VII. Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009); Wathen v. General Elec. Co., 115 F.3d 400 (6th Cir. 1996); Williams v. Banning, 72 F.3d 552 (7th Cir. 1995); Bales v. Wal-Mart Stores, Inc., 143 F.3d 1103, 1111 (8th Cir. 1998); Miller v. Maxwell's International Inc., 991 F. 2d 583 (9th Cir. 1993); Busby v. City of Orlando, 931 F.2d 764 (11th Cir. 1991). Plaintiff could also be attempting to assert a claim against McGee under the ADEA, and the definition of "employer" in the ADEA is similar to the definition used in Title VII. Butler v. City of Prairie Vill., Kan., 172 F.3d 736, 744 (10th Cir. 1999). Compare 42 U.S.C. § 2000e(b) (defining employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ."), with 29 U.S.C. § 630(b) (defining employer as "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year . . . [and] any agent of such a person . . . ."). Therefore, individuals may not be held personally liable under the ADEA. See Butler, 172 F.3d at 744 ("Because we can discern no meaningful distinction between the definitions of "employer" in Title VII and the ADA, our

reasoning in *Haynes* dictates the outcome of this case"). Individual employees or supervisors do not qualify as "employers" under the statutory definition and are not subject to suit under Title VII or the ADEA. Plaintiff's workplace discrimination claims against McGee should be dismissed for failure to state a claim. The Court can discern no other basis for liablity

Plaintiff has also filed a motion (Dkt. # 23) requesting leave to file an amended complaint, and he has attached a copy of his proposed amended complaint. Plaintiff states that he failed to include necessary attachments to his original complaint, and he argues that the attachments will help to clarify certain aspects of his claims. Dkt. # 23, at 2, 5. Defendants respond that the proposed amended complaint would not assert a viable claim against McGee, and it would not assert any claim against AAON that falls outside the scope of the arbitration agreement. Dkt. # 26, at 3.

The proposed amended complaint substantially expands upon the limited factual allegations of the original complaint, but the additional allegations would not change the Court's ruling on AAON's motion to compel arbitration or McGee's motion to dismiss. The proposed amended complaint alleges claims under Title VII based on racial discrimination and sexual harassment, and it appears that plaintiff intends to assert these claims against AAON and McGee. Dkt. # 23, at 15-20. As to AAON, these claims would still qualify as claims based on "legally protected rights," and plaintiff would still be required to submit these claims to binding arbitration. Plaintiff's proposed claims against McGee fare no better than the claims in the original complaint. The proposed amended complaint contains the broad and unsubstantiated claim that "[i]n civil litigation, anybody acting in furtherance of the illegal operation can be liable for what the company did," and he claims that any person can be held liable under a conspiracy theory "[a]s long as someone commits an 'overt act' in furtherance of the illegal or fraudulent operation." Id. at 13. The Court has already

8

established that Title VII and ADEA do not provide a basis to assert claims against individual employees, and such claims can be brought only against the plaintiff's employer. The Court finds that it would be futile to allow plaintiff to file the proposed amended complaint, and his motion seeking leave to file an amended complaint is denied. The Court has determined that plaintiff's against AAON should be submitted to binding arbitration and plaintiff's claims against McGee should be dismissed, and the Court will administratively close this case pending resolution of the arbitration proceedings.

**IT IS THEREFORE ORDERED** that AAON, Inc.'s Motion to Compel Arbitration (Dkt. # 15) is **granted**. The parties shall file notice in this Court within 15 days of the completion of arbitration.

**IT IS FURTHER ORDERED** that Ronnie McGee's Motion to Dismiss (Dkt. # 13) is **granted**. McGee is terminated as a party to this case.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint and Memorandum of Law (Dkt. # 23) is **denied**.

**IT IS FURTHER ORDERED** that, pursuant to LCvR 41.1, this case is **administratively closed** pending either an order of the Court reopening the action, or until this case is dismissed with prejudice by stipulation of the parties.

**DATED** this 17th day of October, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE